Battle, J.
 

 The remedy at common law against a sheriff for the escape of a person taken by him under a
 
 capias ad satisfaciendum,
 
 is by an action on the case, in which the jury may give such damages, as, upon the proofs, they may think the plaintiff entitled to. This rule prevails, whether the escape be voluntary or negligent; the only difference between the-two kinds of escape being, so far as the liability of the sheriff is concerned, that when sued for a negligent escape, he may, if he can, allege and prove a recaption upon fresh pursuit. The statute of 13 Ed. 1, ch. 11, which was in substance re-enacted by our act of
 
 1777,
 
 (ch. 118, sec. 10 and 11 of the Rev. Code of 1820,) gives an action of debt against the sheriff who shall take the body of any debtor in execution, and shall wilfully or negligently suffer such debtor to escape, and the plaintiff in such action shall recover all such sums of money as are mentioned in the execution, and damages for detaining the same. See Rev. Code, ch. 105, sec. 20. It is clearly settled that in the action of debt, thus given, the recovery shall be the same, whether the eseape be voluntary or negligent. See the case of
 
 Adams
 
 v.
 
 Turrentme,
 
 8 Ired. Rep.
 
 147,
 
 where the subject is fully discussed. The action of debt given by the statute, does not take away the common law right of suing in case, but is a cumulative remedy, which, however, from, its greater efficiency, has almost, if not entire
 
 *322
 
 ly, superceded the other in practice.7*. Such being the responsibility of the sheriff, when sued in debt for the escape of a debtor taken in execution, it is contended for the plaintiff, in the present case, that it ought to be the same when the action is bi’ought upon the bond of the sheriff against him and his sureties, because the bond is given as a security to the public, against his official delinquencies and the remedy on it should be commensurate with the utmost extent of his responsibility. In aid of this argument, it is insisted that if the action of debt be sued against a sheriff and a recovery had which he fails to pay, a suit may then be brought upon his bond, in which such default of payment may be assigned as a breach, and that his sureties may bo thereby made liable for the debt of the escaping debtor; and it is inferred that to avoid such circuity of action, a full recovery ought to be allowed at first, in an immediate suit upon the bond. "Whether the plaintiff can have full redress upon the sheriff’s bond by this circuity of action, we shall not at present undertake to decide, but we are precluded by authority from holding him entitled to it by a suit in the first instance upon the bond. In the case of the
 
 Governor
 
 v. Matlock, 1 Hawks’ Rep. 425, it was decided that in a suit upon a sheriff’s bond the plaintiff must assign breaches thei’eof under the statute of 8 and 9 Will. 3, ch. 11, sec. 8. (See Eev. Code, ch. 31, sec. 58,) and that the jury shoxxld “ consider the damages really sustained bjr the escape; and were not bound to give the whole sum due from the original debtor, as in debt upon the statute of West.
 
 %?
 

 The judgment in the Court below was in accordance with this decision, and must be affirmed.
 

 Per
 
 Curiam,
 

 Judgment affiimed.